**WO**                                                                                                         TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Hidalgo, | No. CV 05-0454-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $250.00 civil action filing fee, nor has he filed a proper Application to Proceed *In Forma Pauperis*. However, since filing the Complaint, Plaintiff appears to have been released.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner must pay the $250.00 filing fee when he files a civil action. If he is unable to pay the fee in full at that time, § 1915(b)(1) authorizes the Court to collect the fee in incremental payments from the inmate's prison trust account. In this instance, Plaintiff was incarcerated when the Complaint was filed, but has since been released. Consequently, the inmate trust account from which the statute directs the fee to be collected is no longer in existence.

**JDDL**

The statute makes no other provision for collection of the fee. Therefore, Plaintiff must pay the filing fee in full or show good cause in writing why he is unable to do so. Accordingly, Plaintiff will be given 30 days from the date this Order is filed in which to pay the $250.00 fee or show good cause in writing why he is unable to do so. If Plaintiff chooses to show good cause, he must explain in writing under oath why he is unable to pay. See also 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement). This statement must include a description of his financial status. To assist Plaintiff in meeting this requirement, he should also file a new request to proceed *in forma pauperis* by a *nonprisoner*, which contains an affidavit of indigence. A form for applying to proceed *in forma pauperis* by a nonprisoner is attached to this Order for Plaintiff's convenience.

**B.     Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) Plaintiff shall have 30 days from the date this Order is entered to either pay the $250.00 filing fee or show good cause in writing why he is unable to do so;

(2) The Clerk of Court is directed to enter dismissal of this action without prejudice and without further notice to Plaintiff if Plaintiff fails to pay the $250.00 filing fee or file a response to this order showing good cause why he is unable to pay the fee within thirty days of the filing date of this order.

DATED this 8th day of January, 2006.

Mary H. Murguia
United States District Judge

JDDL